UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JAMES D'AGOSTINO,

                         Plaintiff,


          -against-                           MEMORANDUM AND ORDER
                                              04-CV-1958(JS)(ETB)
JO ANNE B. BARNHART,
Commissioner of Social Security,

                         Defendant,
-----------------------------------X
APPEARANCES:
For Plaintiff:       Eugenie Gilmore, Esq.
                     11 Broadway, Suite 400
                     New York, New York 10004

For Defendant:       Roslynn R. Mauskopf, Esq.
                     United States Attorney
                     Eastern District of New York
                     147 Pierrepont Street
                     Brooklyn, New York 11201

SEYBERT, District Judge:

## **INTRODUCTION**

          Pending before this Court is an action brought by James

D'Agostino ("Plaintiff") under 42 U.S.C. § 405(g) for review of the

Administrative Law Judge's decision.  Defendant moved to remand for

reversal of the final agency decision denying Plaintiff's claim for

disability benefits and Supplemental Security Income.  Plaintiff

moves for judgment on the pleadings pursuant to Federal Rule of

Civil Procedure 12(c).  For the reasons below, the Court GRANTS

Defendant's motion for remand and DENIES Plaintiff's motion for

judgment on the pleadings.  The Court, however, GRANTS Plaintiff's

motion for a new ALJ.

## **BACKGROUND**

On April 23, 2001, Plaintiff applied for disability insurance benefits, claiming depression and anxiety limited his ability to work. (Transcript ("Tr.") 60-62, 65.) On July 18, 2001, the Social Security Administration ("SSA") denied Plaintiff's application, stating that Plaintiff is not disabled or blind under SSA's rules. (Tr. 38-42.) Plaintiff then requested a hearing on August 3, 2001. Approximately one year later, Plaintiff appeared before Administrative Law Judge Manuel Cofresi ("ALJ") on July 31, 2002. (Tr. 45-58.)

At the hearing, Plaintiff was represented by counsel, Eugenie Gilmore, Esq. (Tr. 378-82.) Because of new evidence Plaintiff presented at that hearing, the ALJ adjourned the hearing. (Id.) Plaintiff appeared again before the ALJ on April 8, 2003. (Tr. 383-425.) On July 2, 2003, the ALJ issued a decision, finding that Plaintiff could not return to his former employment but could perform other low stress sedentary work. (Tr. 13-24.)

On August 28, 2003, Plaintiff asked the Appeals Council to review the ALJ's decision. Six months later, on February 24, 2004, Plaintiff submitted to the Appeals Council new material evidence regarding inpatient hospitalization at Brookhaven Memorial Medical Hospital Medical Center. (Speights Decl. 3.) The Appeals Council did not receive this new evidence until February 27, 2004. (Id.) Notwithstanding, on March 3, 2004, the Appeals Council

denied Plaintiff's request for review. (Tr. 4-12.)

On May 11, 2004, Plaintiff commenced this action. Defendant moved to remand this action to the SSA because of the new evidence pertaining to Plaintiff's hospital stay at Brookhaven Memorial. Defendant asserts that the Appeals Council and the ALJ must review this new evidence because it relates to Plaintiff's condition during the time for which benefits were denied. Plaintiff moves for reversal of the Defendant's final decision and for calculation of benefits. In the alternative, if this Court remands this case to the SSA, Plaintiff requests that the Court order the SSA to select a new Administrative Law Judge for this case. Plaintiff claims that the ALJ was hostile toward Plaintiff and counsel.

**DISCUSSION**

I. <u>This Court Remands This Case To The Commissioner In Light Of The New And Material Evidence.</u>

This Court does not review <u>de novo</u> the Social Security Administration's final decision in denying Plaintiff's disability benefits claim. <u>See</u> <u>Beauvoir v. Chater</u>, 104 F.3d 1432, 1433 (2d Cir. 1997). Rather, the issue before this Court is whether remand is appropriate when the Appeals Council did not review the new and material evidence before it finalized the ALJ's decision.

"A court may remand a case to the Commissioner for consideration of additional evidence 'only upon a showing that there is new evidence which is material and that there is good

3

cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Moscatiello v. Apfel, 129 F. Supp. 2d 481, 490 (E.D.N.Y. 2001) (quoting 42 U.S.C. § 405(g)). Defendant admits that the evidence submitted to the Appeals Council on February 24, 2004, is new, relevant, non-cumulative, and material. Plaintiff obviously had good cause for failing to submit this evidence in the prior proceeding before the ALJ. Plaintiff was discharged after a two-week stay from Brookhaven Memorial the same day that the ALJ rendered his decision.

Plaintiff, however, argues that this new evidence was already a part of the record because the Appeals Council had this evidence four days before it rendered its final decision. Thus, the Plaintiff requests that this Court reverse the finding of the ALJ and remand this case solely for the calculation of benefits.

The Court disagrees with Plaintiff. "[W]hen the Appeals Council declines to review a decision of the ALJ, it reaches its decision only after examining the entire record, including the new evidence submitted after the ALJ's decision." Todd v. Chater, 95-CV-2996, 1997 U.S. Dist. LEXIS 2340, at *10 (S.D.N.Y. Mar. 6, 1997) (quoting Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996)). The Appeals Council acknowledges that it did not consider the new evidence it received four days before it declined to review the ALJ's decision. Thus, the Court questions whether the Appeals Council even rendered a final decision because the entire record,

including the new evidence, was not reviewed by the Appeals Council.

Second, the Court has the discretion to remand this case when the new evidence submitted to the Appeals Council was not before the ALJ in order for him to render a valid decision. See Sergenton v. Barnhart, 05-CV-4551, 2007 U.S. Dist. LEXIS 5464, at *12 (E.D.N.Y. Jan. 13, 2007) (stating that "the district court may remand a disability claim for the taking of additional evidence upon a showing that there is new material evidence and that such evidence should be presented to the ALJ in order to render a valid decision."). This is true even if Plaintiff claims that the ALJ did not adhere to all the proper procedures. See Glavan v. Barnhart, 03-CV-4139, 2004 U.S. Dist. LEXIS 21073, at *12 (E.D.N.Y. Aug. 17, 2004) ("Regardless of whether the ALJ renders a decision on the merits and adheres to all procedures, the district court may still remand if new and material medical evidence surfaces that was not present at the ALJ hearing.").

Third, the Court cannot make a de novo decision as to Plaintiff's disability on a record that was not entirely before the ALJ. The Brookhaven Memorial evidence is new, and the Court cannot consider it in determining whether Plaintiff was disabled. This is properly the province of the SSA, and it shall remain as such. See Beauvoir, 104 F.3d at 1433.

II.  <u>Remanding To A Different ALJ</u>

Plaintiff requests that a new ALJ be selected if this Court chooses to remand this case.  Plaintiff claims that the ALJ treated Plaintiff with hostility and bias.  For example, when Plaintiff appeared groggy at the hearing, the ALJ asked Plaintiff whether he had taken drugs.  Plaintiff asserts that this question was inappropriate and judgmental in light of Plaintiff relapsing on cocaine use.  The ALJ was angry and intimidating, and he asked Plaintiff how much money he spent on drugs and where did he get the money.  The ALJ also grew impatient with Plaintiff's counsel, stated that they would be there until morning at the rate Plaintiff's counsel was going, and asked Plaintiff's counsel if she ever had done these types of cases before.  Lastly, the ALJ spoke in a demeaning and incredulous manner after finding out that Plaintiff's ex-wife and her new husband were supporting Plaintiff. (Pl.'s Mem. 18-19.)

"An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party . . . ."  <u>Sutherland v. Barnhart</u>, 322 F. Supp. 2d 282, 291-92 (E.D.N.Y. 2004) (quoting 20 C.F.R. § 404.940).  Generally, the SSA Commissioner has the discretion to select a new ALJ on remand.  <u>See id.</u> at 292.  Courts, however, have ordered the Commissioner to assign a new ALJ on remand in the following instances: (1) when the prior ALJ mis-characterized the record or failed to consider the

record with adequate care, (2) when the ALJ had animosity toward the claimant's attorney, (3) when the ALJ lacked sensitivity or had conducted himself or herself offensively, (4) when the court felt a "fresh look" at a case would be more beneficial, and (5) when the prior ALJ failed to adequately consider the medical evidence. See id.

Further, "the impartiality of the ALJ is integral to the integrity of the [disability review process.]" Id. (citation omitted). If a court is seriously concerned about the fundamental fairness of the disability review process due to an ALJ's conduct, the court may remand to a new ALJ. A court must consider the following factors:

> (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

Id.

It does appear from the record that the ALJ was somewhat hostile to Plaintiff's counsel at the hearing. Plaintiff's counsel had brought approximately 200 additional pages of medical evidence to the ALJ the day of the hearing, and in response, the ALJ asked if she had ever done this type of work before. (Tr. 380-81.) At the second hearing, the ALJ took over the questioning that Plaintiff's counsel was conducting: "I'm going to have to interrupt

7

you because at the rate we're going we'll be here until tomorrow. I'm going to have to take over this direct examination." (Tr. 393.)

The Court is also concerned with the ALJ's potential hostility toward Plaintiff because of his past drug abuse. When the ALJ took over the direct examination of Plaintiff, the ALJ asked specific and detailed questions about Plaintiff's prior drug use. The ALJ wanted to know when the last time Plaintiff had used cocaine, how often did he use it, and how he got the money to buy the cocaine. (Tr. 399-402.) This line of questioning seems to directly conflict with the ALJ's decision which states that "the claimant's use of cocaine is not material to the issue of disability."

In light of the ALJ's potential hostility and bias toward Plaintiff due to his prior cocaine use and the ALJ's present hostility toward Plaintiff's counsel, the Court finds that remand to another ALJ would better protect the fundamental fairness of the disability review process. Accordingly, the Court orders the Commissioner to remand this case to a new ALJ.

## CONCLUSION

For the reasons stated above, Defendant's motion for remand is GRANTED, and Plaintiff's motion for judgment on the pleadings is DENIED.  The Court, however, orders the Commissioner to remand this case to a new ALJ.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    Central Islip, New York
          February 20, 2007